# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| United States of America | ) |
| v. | ) |
|  | ) Case No. 2:25-MJ-32 |
| Patrick Hardy | ) |
| *Defendant(s)* | ) |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 6 2025
CLERK, U.S. DISTRICT COURT
By_____ Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 24, 2025** in the county of **Potter** in the **Northern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sy Slover, ATF TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 2/26/25

_____
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## 2:25-MJ-32

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Sy R. Slover, affiant herein, being duly sworn, state that I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Amarillo Satellite Office stationed in Amarillo, TX. I have been employed with the Amarillo Police Department for (11) years. As part of my duties as a TFO, I investigate criminal violations related to firearms and firearm distribution. I have been involved in several investigations involving firearms and the recovery of firearms from prohibited persons. The information contained in this affidavit is based upon my personal experience and information relayed to me by other law enforcement officers involved in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe a crime has been committed and that the defendant committed it, I have not included each and every fact known to me in this affidavit.

As a result of my training and experience, I am familiar with federal firearms laws, including 18 U.S.C. §§ 922(g)(1), 924(a)(8), which makes it unlawful for a convicted felon to possess a firearm. There are four elements to this offense: (1) that the defendant knowingly possessed a firearm or ammunition as charged; (2) that before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; (3) that the defendant knew he had been convicted of such a crime; and (4) that the firearm or ammunition possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or

1

between any part of the United States and any other country.

On February 24, 2025, Amarillo Police Department officers observed Patrick HARDY driving a vehicle that HARDY was known to drive. Officers were able to identify HARDY as the driver. HARDY was known to have local warrants for his arrest. HARDY was run through the local system and was showing to still be wanted.

A traffic stop was conducted on HARDY's vehicle. HARDY was informed he was under arrest for his warrants and initially did not comply with officers and remained in the driver's seat. HARDY was removed from the vehicle and placed into handcuffs. HARDY was searched incident to arrest and a baggie with suspected Marihuana was found in the pocket of HARDY's jacket. A clear plastic bag containing blue pills marked "M30" were removed from the right front pocket of HARDY'S pants.

A probable cause search of the vehicle was conducted due to the smell of raw marihuana coming from inside the vehicle. During the search of the vehicle a firearm was located under the front passenger seat. The firearm had a 30 round magazine in the magazine well. The firearm was an unknown manufacturer but had the serial number MN1283.

During a mirandized interview, HARDY waived his rights and agreed to speak with officers. During this interview HARDY admitted that he knew he was a felon and also admitted to handling the firearm. HARDY gave consent to search his phone and photographs of the firearm were located in his phone indicating he had knowledge of it.

Patrick HARDY was convicted of Burglary and Armed Robbery out of Indianapolis, Indiana, both which are listed as Felony on HARDY's criminal history

report.

Upon information and belief, the firearm was not manufactured in Texas. Therefore, the firearm described in this complaint must have traveled in or affected interstate or foreign commerce; that is, before HARDY possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

Based on my training, education, and experience, and the information provided to me, I believe that Patrick HARDY violated Title 18, United State Code, Sections 922(g)(1) and 924(a)(8), by being a convicted felon in possession of a firearm and ammunition.

Sy R. Slover
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1:

Lee Ann Reno
United States Magistrate Judge

*s/ Anna Marie Bell*
Anna Marie Bell
Assistant United States Attorney